# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH THOMAS, CDCR #T-67081,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>I. CALANOC, Deputy Clerk; C. FARRAR, Deputy Clerk; JOHN DOE, Deputy Clerk; FOURTH APPELLATE COURT DIVISION ONE, Justice/Clerk, et al.,<br><br>　　　　　　　　　　　　Defendants. | Civil No.   11-1489 AJB (BLM)<br><br>**ORDER:**<br><br>**(1)  DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS BARRED BY 28 U.S.C. § 1915(g) [ECF No. 2]**<br><br>**AND**<br><br>**(2)  DISMISSING CASE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

Plaintiff, a state prisoner currently incarcerated at Salinas Valley State Prison and proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has not prepaid the civil filing fee required by 28 U.S.C. § 1914(a); instead, he has submitted a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 2].

**I.     Motion to Proceed IFP**

Section 1915 of Title 28 of the United States Code allows certain litigants to pursue civil litigation IFP, that is, without the full prepayment of fees or costs.  28 U.S.C. § 1915(a)(2).

However, the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.; see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

## II. Application of 28 U.S.C. § 1915(g)

As an initial matter, the Court has carefully reviewed Plaintiff's Complaint and has ascertained that there is no "plausible allegation" to suggest Plaintiff "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28

U.S.C. § 1915(g)). While difficult to decipher, it appears Plaintiff seeks to sue various California Court of Appeal and Supreme Court officials for denying petitions for rehearing during the appeal of a San Diego Superior Court criminal conviction.  (*See* Compl. at 2-4.) Plaintiff seeks and injunction "order[ing] Defendants to file [his] petition."  (*Id.* at 7.)

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'"  *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).  Thus, this Court takes judicial notice that Plaintiff Keith Thomas, aka Keith Prezell Thomas, CDCR #T-67081, has had *at least* fifteen prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are: *Thomas v. Garvin*, Civil Case No. 1:99-cv-06339-AWI-DLB (E.D. Cal. Feb. 1, 2000 Findings & Recommendations ("F&Rs") re Dismissal for failing to state a claim [ECF No. 15]); March 28, 2000 Order Dismissing Action [ECF No. 20]) (strike one); *Thomas v. Nicholus, et al.*, Civil Case No. 1:99-cv-06377-OWW-HGB (E.D. Cal. July 14, 2000 F&Rs re Dismissal for failing to state a claim [ECF No. 16]; Oct. 11, 2000 Order Adopting F&Rs and Dismissing Case [ECF No. 20]) (strike two); *Thomas v. Kim, et al.*, Civil Case No. 1:99-cv-06553-AWI-HGB (E.D. Cal. May 10, 2000 F&Rs re Dismissal for failing to state a claim [ECF No. 18]; Aug. 29, 2000 Order Dismissing Action [ECF No. 23]) (strike three); *Thomas v. Gomez*, Civil Case No. 1:99-cv-06662-REC-DLB (E.D. Cal. June 14, 2000 F&Rs re Dismissal for failure to state a claim [ECF No. 18]; Oct. 12, 2000 Order Adopting F&Rs and Dismissing Action for Failure to State a Claim [ECF No. 20]) (strike four); *Thomas v. Lopez*, Civil Case NO. 1:00-cv-05349-OWW-DLB (E.D. Cal. June 14, 2000 F&Rs re Dismissal for failure to state a claim [ECF No. 11]; Dec. 20, 2000 Order Adopting F&Rs & Dismissing Action for failure to state a claim [ECF No. 13]) (strike five); *Thomas v. Galaza*, Civil Case No. 1:00-cv-05348-OWW-LJO (E.D. Cal. Aug. 15, 2000 F&Rs re Dismissal for failure to state a claim [ECF No. 21]; Nov. 14, 2000 Order Adopting F&Rs & Dismissing case for failure to state a claim [ECF

No. 23]) (strike six); *Thomas v. Galaza*, Civil Case No. 1:00-cv-05345-AWI-LJO (E.D. Cal. April 27, 2000 F&Rs re Dismissal as frivolous [ECF No. 10]; June 23, 2000 Memorandum Opinion and Order Dismissing case for failure to state a claim and as frivolous [ECF No. 12]) (strike seven); *Thomas v. Gomez,* Civil Case No. 1:00-cv-05497-AWI-DLB (E.D. Cal. June 14, 2000 F&Rs re dismissal for failure to state a claim [ECF No. 8]; Sept. 11, 2000 Order Adopting F&Rs & Dismissing case for failure to state a claim [ECF No. 13]) (strike eight); *Thomas v. U.S. DEA*, et al., Civil Case No. 3:09-cv-02916-W-CAB (S.D. Cal. April 13, 2010 Order Dismissing Second Amended Complaint for Failing to State a Claim per 28 U.S.C. § 1915(e)(2)(B) & § 1915A(b) [ECF No. 18]) (strike nine); *Thomas v. Regents of the University of California, et al.*, Civil Case No. 2:10-cv-04667-UA-PLA (C.D. Cal. July 12, 2010 Order denying leave to proceed IFP and dismissing case as frivolous, malicious, or for failing to state a claim [ECF No. 3]) (strike ten); *Thomas v. Doe, et al.*, Civil Case No. 2:10-cv-06973-UA-PLA (C.D. Cal. Oct. 4, 2010 Order denying IFP and dismissing case for lack of jurisdiction and as frivolous, malicious, or for failing to state a claim [ECF No. 2]) (strike eleven); *Thomas v. King County Superior Court, et al.*, Civil Case No. 2:10-cv-07101-UA-PLA (C. D. Cal. Oct. 4, 2010 Order denying IFP and dismissing case for lack of jurisdiction and as frivolous, malicious, or for failing to state a claim [ECF No. 2]) (strike twelve); *Thomas v. U.S. Attorney, et al.*, Civil Case No. 2:10-cv-07793-UA-PLA (C.D. Cal. Nov. 1, 2010 Order denying IFP and dismissing case for lack of jurisdiction and as frivolous, malicious, or for failing to state a claim [ECF No. 2]) (strike thirteen); *Thomas v. U.S. District Court, et al.*, Civil Case No. 3:10-cv-02572-BEN-POR (S.D. Cal. Dec. 29, 2010 Order dismissing action as frivolous pursuant to 28 U.S.C. § 1915A(b)(1) [ECF No. 3]) (strike fourteen); and *Thomas v. U.S. Attorney General, et al.*, Civil Case No. 2:11-cv-00571-UA-DUTY (C.D. Cal. Feb. 9, 2011 Order denying IFP and dismissing case as frivolous, malicious, or for failing to state a claim [ECF No. 2]) (strike fifteen).

Accordingly, because Plaintiff has, while incarcerated, accumulated far more than the three "strikes" permitted pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he

is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

### III.    Conclusion and Order

For the reasons set forth above, the Court hereby:

1) **DENIES** Plaintiff's Motion to Proceed IFP [ECF No. 2] pursuant to 28 U.S.C. § 1915(g);

2) **DISMISSES** this action without prejudice for failure to pay the $350 civil filing fee required by 28 U.S.C. § 1914(a), and

3) **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk is instructed to close the file.

**IT IS SO ORDERED.**

DATED: July 20, 2011

_____
Hon. Anthony J. Battaglia
U.S. District Judge